UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-vs-

TAKESHA ROGERS,

                Defendant.

DECISION AND ORDER

25-MR-6148-MAV;
24-MJ-4140-CDH-1

---

United States Magistrate Judge Colleen D. Holland is presiding over all pretrial matters in this case. At a status conference with Judge Holland on March 25, 2025, counsel for Defendant Takesha Rogers made an oral motion for a hearing to determine Defendant's competency. Case No. 24-MJ-4140, ECF No. 17. Judge Holland ordered a psychiatric/psychological examination, and conducted a competency hearing in August 2025. *Id.*, ECF Nos. 18–23. After the hearing, Judge Holland issued the Report and Recommendation ("R & R") that is presently before the Court for review. Case No. 25-MR-6148, ECF No. 1.

**LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1)(A), a district court may – with several enumerated exceptions – designate a Magistrate Judge to hear and determine any pretrial matter pending before the court. *See also* Fed. R. Crim. P. 59(a). Where a party makes a dispositive motion, however, the motion may only be referred to the Magistrate Judge for findings of fact and recommendations, generally in the form of an R & R. 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

1

by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

While a district court reviews those portions of an R & R to which a party has timely objected under a de novo standard of review, the district court may adopt those portions of an R & R to which no objections have been made, as long as no clear error is apparent from the face of the record. *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *White v. Fischer*, No. 04–CV–5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)); *see also* 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

In her R & R, Judge Holland noted that there is some dispute as to whether a Magistrate Judge has the authority to rule on a litigant's competency, and therefore, in an abundance of caution, set forth her findings in an R & R. Case No. 25-MR-6148, ECF No. 1 at 1 (citations omitted). After considering the detailed report submitted by Forensic Psychologist Lauren Schumacher, Psy.D., Judge Holland employed the well-settled two-prong test set forth in *United States v. Nichols*, 56 F.3d 403 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). Case No. 25-MR-6148, ECF No. 1 at 3. She concluded that the preponderance of the evidence demonstrates that Defendant is not presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *Id.* at 3–4. Accordingly, Judge Holland recommended that Defendant be found competent to stand trial. *Id.* at 4.

Neither party has filed an objection to the R & R. Consequently, the Court has

reviewed the decision for clear error. The Court finds that Judge Holland's R & R is thorough, well-reasoned, and supported by law. Accordingly, the Court concurs with the R & R [ECF No. 1] in its entirety, and adopts it as the Order of this Court.

    SO ORDERED.

Dated:     November 24, 2025
              Rochester, New York

                                    ENTER:

                                    _____
                                    HON. MEREDITH A. VACCA
                                    United States District Judge